**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Enterprise Leasing Company-West, LLC, | Case No. 2:25-cv-01891-CDS-NJK |
| Plaintiff, | **Order** |
| v. | [Docket No. 29] |
| Jaswinder Singh, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for protective order. Docket No. 29. Plaintiff asks the Court to issue a protective order finding all 36 topics of Defendant Watson's 30(b)(6) notice improper. *Id*.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the

informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

More than technical compliance is required to establish meet and confer obligations are met. *Bliss v. CoreCivic, Inc.*, 2022 WL 2498997, at *1 (D. Nev. June 2, 2022). A proper meet and confer requires "meaningful discussions of the substance of the parties' dispute in a genuine effort to avoid judicial intervention." *Id*. (internal citation omitted). " The meet and confer requirement is more than a formalistic prerequisite, and the parties must treat the process as a means to substitute judicial resolution." *Mendoza v. Amalgamated Transit Union International*, 2019 WL 9100188, at *5 (D. Nev. June 24, 2019) (internal quotation marks and citations omitted).

Here, the motion and exhibits demonstrate that the parties discussed and agreed to narrowing certain topics. *See* Docket No. 29. Despite those agreements, however, the parties decided that Plaintiff should file a protective order disputing all topics in the notice. *Id*. at 5.

"The sheer volume of disputes is a red flag that sufficiently meaningful conferral efforts did not take place." *Reno v. W. CAB Co.*, 2019 WL 8061214, at *2 (D. Nev. Sept. 23, 2019) (citing *King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.,* 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010)). Further, the motion asks the Court to issue an advisory opinion by ruling on disputes that the parties have already resolved. Courts resolve live disputes between the parties; they do not issue advisory opinions. *de la Vega v. Barila*, 2026 WL 1070922, at *1 (D. Nev. Apr. 20, 2026) (citing F*last v. Cohen*, 392 U.S. 83, 96 (1968).

---

[1] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

Accordingly, the Court **DENIES** without prejudice Plaintiff's motion for protective order. Docket No. 29. The parties must engage in a robust, sincere meet and confer with meaningful discussions of the substance of the parties' dispute in a genuine effort to avoid judicial intervention, no later than May 19, 2026. If, after engaging in a proper meet and confer, the parties cannot resolve all disputes, a motion that brings only live disputes before the Court may be filed, no later than May 26, 2026.

IT IS SO ORDERED.

Dated: May 12, 2026

_____

Nancy J. Koppe
United States Magistrate Judge

3