**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Enterprise Leasing Company-West, LLC,

    Plaintiff,

v.

Jaswinder Singh, et al.,

    Defendants.

Case No. 2:25-cv-01891-CDS-NJK

**Order**

[Docket No. 32]

Pending before the Court is Defendant Jeremy Watson's motion to compel discovery. Docket No. 32. Defendant asks the Court to compel Plaintiff to respond to a total of 97 discovery requests, consisting of 25 interrogatories, 24 requests for production, and 48 requests for admission. *Id*.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v.*

*Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.  To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1]  Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

More than technical compliance is required to establish meet and confer obligations are met. *Bliss v. CoreCivic, Inc.*, 2022 WL 2498997, at *1 (D. Nev. June 2, 2022).  A proper meet and confer requires "meaningful discussions of the substance of the parties' dispute in a genuine effort to avoid judicial intervention." *Id*. (internal citation omitted).  " The meet and confer requirement is more than a formalistic prerequisite, and the parties must treat the process as a means to substitute judicial resolution." *Mendoza v. Amalgamated Transit Union International*, 2019 WL 9100188, at *5 (D. Nev. June 24, 2019) (internal quotation marks and citations omitted).

The Court has already warned these parties that a robust meet and confer is necessary prior to filing a discovery motion.  *See* Docket No. 30.  Despite the Court's order and the relevant caselaw and local rules, however, Defendant submits that the parties could not reach any sort of agreement and therefore asks the Court to order responses to 97 discovery requests.[2]  Docket No. 32.  "The sheer volume of disputes is a red flag that sufficiently meaningful conferral efforts did not take place." *Reno v. W. CAB Co.*, 2019 WL 8061214, at *2 (D. Nev. Sept. 23, 2019) (citing

---

[1] These requirements are now largely codified in the Court's local rules.  *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

[2] Defendant included the text and responses to these requests in a separate, 127-page exhibit.  Docket no. 32-1.

*King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.,* 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010)).

Accordingly, the Court **DENIES** without prejudice Defendant's motion to compel. Docket No. 32. The parties must engage in a robust, sincere meet and confer with meaningful discussions of the substance of the parties' dispute in a genuine effort to avoid judicial intervention, no later than June 11, 2026. If, after engaging in a proper meet and confer, the parties cannot resolve all disputes, a motion to compel may be filed, no later than June 15, 2026.[3] Any renewed motion to compel must address the timeliness of the instant motion to compel, which was filed seven weeks after the responses were provided and nearly a month after the parties' telephonic meet and confer.

IT IS SO ORDERED.

Dated: June 4, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Seeking judicial intervention on discovery disputes is *strongly discouraged*. The Court does not generally entertain requests for informal resolution of discovery disputes, so discovery disputes must ordinarily be presented through proper motion practice. Such motion practice must include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere effort to do so. The parties and counsel are warned that there is a presumption that reasonable expenses—including attorneys' fees—will be awarded to the victor of a discovery motion. The Court will not hesitate to impose such awards as warranted given their intended deterrent purpose. Discovery motions must be filed without undue delay.