UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Enterprise Leasing Company-West, LLC,

Plaintiff

v.

Jaswinder Singh, et al.,

Defendants

Case No. 2:25-cv-01891-CDS-NJK

**Order Granting Plaintiff Enterprise's Motion to Dismiss Defendant Watson's Counterclaim, Denying as Moot Watson's Motion to Abstain, Granting in Part Enterprise's Motion for Summary Judgment, Denying Watson's Motion to Compel and Motion for Summary Judgment, and an Order to Show Cause**

[ECF Nos. 14, 17, 21, 35, 40]

Enterprise Leasing Company-West, LLC, brings this Declaratory Judgment Act (DJA) case against Jaswinder Singh and Jeremy Watson, seeking an order declaring that they have no obligation to defend Singh in a personal injury lawsuit filed in the Eighth Judicial District Court (EJDC),[1] and no obligation to pay any amount in excess of $25,000 in that same lawsuit. *See* Compl., ECF No. 1. There are five pending motions: (1) Enterprise's motion to dismiss Watson's counterclaim (ECF No. 14); (2) Watson's motion to abstain from exercising jurisdiction (ECF No. 17); (3) Enterprise's motion for summary judgment (ECF No. 21); (4) Watson's Motion to Compel (ECF No. 35); and (5) Watson's motion for summary judgment (ECF No. 40). These motions are briefed.[2] *See* ECF Nos. 16, 18, 19, 20, 23, 26, 43, 44, 45, 46. For the reasons herein, I grant Enterprise's motion to dismiss, deny as moot Watson's motion to abstain, grant in part Enterprise's motion for summary judgment against Singh, deny Watson's motion to compel, and deny Watson's motion for summary judgment. Finally, the court orders Enterprise to show cause why the court should not dismiss this action against Watson for lack of ripeness.

[1] Case No. A-24-902613-C.

[2] Only Watson filed oppositions to Enterprise's motion to dismiss and motion for summary judgment. The deadline for filing oppositions to both of those motions has long passed.

## I. Background[3]

Singh rented a car for a two-day period from Enterprise in Las Vegas, Nevada, on November 23, 2024. *See* Rental agreement, ECF No. 1-4; ECF No. 16-3; ECF No. 17-3.[4] As relevant here, the terms and agreements of the rental agreement include the following provisions:

> 8. **Responsibility to Third Parties.** Owner or its affiliate complies with applicable motor vehicle financial responsibility laws as an insured, self-insurer, bondholder, or cash depositor. Except to the extent required by the motor vehicle financial responsibility laws of the applicable state, province or otherwise by law, neither Owner or its affiliate extends any of its motor vehicle financial responsibility or provides insurance coverage to Renter, [Additional Authorized Driver(s) (AAD(s))], passengers or third parties through the Contract. If liability insurance or self-insurance is available on any basis to Renter, AAD(s) or any other driver and such insurance or self-insurance satisfies the applicable state motor vehicle financial responsibility law, then Owner or its affiliate extends none of its motor vehicle financial responsibility. However, if Renter and AAD(s) are in compliance with the terms and conditions of the Contract and if Owner or its affiliate is obligated to extend its motor vehicle financial responsibility to Renter, AAD(s) or third parties, then Owner's or its affiliate's obligation is limited to the applicable state minimum financial responsibility amounts.
>
> 9. **Indemnification by Renter.** Renter shall defend, indemnify and hold Owner or its affiliate(s) harmless from all losses, liabilities, damages, injuries, claims, demands, costs, attorney fees, and other expenses incurred by Owner and/or its affiliate(s) in any manner from this rental transaction, or from the use of Vehicle or Optional Accessories by any person, including claims of, or liabilities to, third parties. Renter may present a claim to Renter's insurance carrier for such events or losses; but in any event, Renter shall have final responsibility to Owner or its affiliate(s) for all such losses.

*See id.* at 15.

Singh declined any supplemental or excess liability protection when he rented the car. *Id.* at 3. However, he did have personal automobile liability coverage through American Family Insurance with a policy limit of $100,000. *See* Pl. Ex. B, ECF No. 1-2 (letter discussing American Family policy and $100,000 settlement).

---

[3] Unless otherwise noted as an undisputed fact, citation to the complaint is to provide background, but does not serve as a finding of fact.

[4] The court notes that Exhibits 16-3 and 17-3 are the same document. So only ECF No. 16-3 is referenced herein.

On the same day the car was rented, and while Singh was driving the rental car, he and Watson were involved in a car accident. *See* ECF No. 1 at 2, ¶¶ 10–11. Watson alleges that he suffered serious injuries because of the accident. *See* ECF Nos. 1-2, 1-3. In February 2024, in exchange for a timely tender of Singh's $100,000 policy limit with American Family, Watson offered American Family a contingent covenant not to execute[5] any personal injury judgment against Singh in excess of that policy limit. ECF No. 21-3. The covenant also stated that Watson's obligations not to execute any judgment against Singh would be "immediately voided" if Watson made a demand within policy limits on any "Other Insurance Policy"[6] and "the insurance business underwriting or managing the Other Insurance Policy fails to pay such demand to Watson or his agents within 45 days of receiving the demand." *Id.* at 6. The covenant not to execute was signed on February 5, 2024. ECF No. 21-3.

On March 5, 2024, Watson's counsel sent a time-sensitive settlement demand to Enterprise and a copy of the contingent covenant not to execute. ECF No. 1 at 3, ¶ 13; ECF No. 1-2 at 5. On April 22 and May 7, 2024, respectively, Enterprise extended a $25,000 settlement offer to Waston, and Watson rejected it. ECF No. 1 at 3, ¶¶ 14–15. On June 12, 2025, Watson sent a second demand letter to Enterprise. *Id.* at ¶ 17.

On June 11, 2024, counsel for Enterprise sent a letter to American Family. *See* 6.11.24 Letter, Def.'s Ex. 2, ECF No. 16-3. Therein, counsel acknowledged that "the Contingent Covenant Not to Execute Personal Injury Judgment . . . clearly mentions and implicates 'other insurance policies', which would arguably encompass [Enterprise's] applicable minimum

[5] The covenant was not attached to the complaint but was attached to Watson's motion to abstain (ECF No. 17-2) and Enterprise's motion for summary judgment. Pl. Ex. C, ECF No. 21-3 at 6-8.

[6] The covenant defines "Other Insurance Policies" as "all insurance agreements, other than American Family Insurance Policies, under which an insurance business may be liable to satisfy all or part of a possible judgment" related to car accident between Singh and Watson. *See* ECF No. 21-3 at 6.

financial responsibility funds." *Id.* at 6. In that letter, Enterprise[7] advised that the duty to defend Singh rested "strictly" with American Family. *Id.* at 2 The letter also stated,

> [Enterprise] has no obligation to do anything more than tender said funds, and such obligation does not actually arise until certain parameters have been established. This includes but is not limited to: verifying whether the renter has primary/personal insurance, verifying that any primary insurance has been exhausted, and that even after exhaustion, there is still a basis for the claim beyond the initial/primary policy being exhausted. Said obligations ***do not include a duty to defend.***

*Id.* at 3.

Enterprise further explained that Singh did not purchase supplemental liability protection at the time he rented the vehicle, so its only obligation "as the short-term-lessor [wa]s to provide minimum financial responsibility for a loss arising from the negligent operation of the rental vehicle or a permissive driver, as required by NRS 482.305."[8] *Id.* Enterprise stated it complied with NRS 482.305, and because Singh did not opt for any additional coverage, he was

[7] Enterprise is identified in the letter as "Rental Claims Services ('RCS')." ECF No. 16-3 at 1. For consistency and clarity of the record, the court refers to RCS as Enterprise throughout this order.

[8] Enterprise's letter quotes NRS 482.305, which states:

> The short-term lessor of a motor vehicle who permits the short-term lessee to operate the vehicle upon the highways, and who has not complied with NRS 482.295 insuring or otherwise covering the short-term lessee against liability arising out of his or her negligence in the operation of the rented vehicle in limits of not less than $25,000 for any one person injured or killed and $50,000 for any number more than one, injured or killed in any one crash, and against liability of the short-term lessee for property damage in the limit of not less than $20,000 for one crash, is jointly and severally liable with the short-term lessee for any damages caused by the negligence of the latter in operating the vehicle and for any damages caused by the negligence of any person operating the vehicle by or with the permission of the short-term lessee, except that the foregoing provisions do not confer any right of action upon any passenger in the rented vehicle against the short-term lessor.

not entitled to "defense or any additional benefits under the statute or the rental agreement." *Id.* at 4; *see also id.* at 8 ("Our client has no[] statutory or contractual duty to defend. If claimant's counsel chooses to litigate this matter, said duty to defend would fall strictly on American Family Insurance.").

Thereafter, on September 26, 2025, Watson filed a negligence action against Singh in the EJDC.[9] A week later, Enterprise initiated this declaratory judgment action, naming Singh and Watson as defendants. ECF No. 1. Both defendants have appeared. *See* Ex. Summonses, ECF Nos. 6, 7; Answers, ECF Nos. 8, 10.

## II. Legal standard

### A. Motion to dismiss

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[9] The court takes judicial notice of the docket in that action. *See* Fed. R. Evid. 201; *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts."). The case is currently set for trial in August of 2027.

that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

In resolving a motion to dismiss, the court can consider material that is properly submitted as part of the complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989); *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting it into one for summary judgment); *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (the court can properly take judicial notice of matters of public record).

**B. Motion for summary judgment**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed;

the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

## III. Discussion

### A. Enterprise's motion to dismiss Watson's counterclaim is granted.[10]

Because this court must always determine if it has jurisdiction over a case, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004), the court resolves the motions to dismiss first. In its motion to dismiss, Enterprise challenges Watson's standing to bring his counterclaim, arguing that Watson has no rights from the November 24, 2023 car rental agreement between Enterprise and Singh. *See* ECF No. 14. Enterprise also asserts that Watson is improperly seeking a declaration that Enterprise owes Singh the duty to defend, which is relief only Singh can seek. *Id.*

In his motion to abstain, Watson challenges whether this court can exercise jurisdiction over this action when there is an underlying state-court proceeding that will adjudicate the core dispute and make this federal action duplicative and unnecessary. *See* ECF No. 17. He contends that this court should apply the abstention factors set forth in *Brillhart v. Excess Inc. Co.*, 316 U.S.

[10] In resolving Enterprise's motion to dismiss, the court only considers the allegations in the complaint and any exhibits that are properly incorporated by reference in the complaint.

491 (1942), abstain from exercising jurisdiction here, and then dismiss this case. *Id.* Watson further argues that Enterprise seeks two improper forms of relief:

> (1) a declaration that it can evade any obligation to pay more than $25,000 or defend its renter Singh, despite Enterprise's statutory election to self-insure, and (2) a procedural advantage to preempt Nevada's courts by obtaining a *res judicata* ruling on issues already raised in [an] ongoing state action—specifically, whether Enterprise functions as an "insurer" under Nevada law (including duties under Nev. R. Civ. P. 16.1 to disclose insurance coverage).

*Id.* at 2.

The Ninth Circuit has explained that "[w]hen presented with a claim for a declaratory judgment, . . . federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (citation omitted). "Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)." *Id.* at 1157. Stated otherwise, a declaratory judgment action is justiciable only where there is an actual controversy between the parties. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005). And generally, an actual controversy exists where there is a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests. *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Enterprise contends there is no actual controversy between it and Watson that could give rise to Watson's counterclaim alleging breach of the duty to defend because Watson was not the beneficiary of the contract (i.e. the insurance policy within the rental agreement) between Enterprise and Singh. Indeed, "[t]he duty to defend is a valuable service paid for by the insured and one of the principal benefits of the liability insurance policy." *Century Surety Co. v. Andrew*, 432 P.3d 180, 184 (Nev. 2018) (citing *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459–60 (Wash. 2007)). Only the owner of the insurance policy—or a valid assignee of the insured's

rights—has standing to sue for breach under the policy under Nevada law. *See Hwang v. Redwood Fire & Cas. Ins. Co.*, 714 F. Supp. 3d 1280 (D. Nev. 2024).

Here, Singh paid for the insurance premium, so he is the owner of the policy between him and Enterprise. And the only agreement between Singh and Watson is the covenant not to execute upon judgment, Def.'s Ex. 1, ECF No. 16-2, which is not an assignment of rights.[11] An assignment of rights is "a delegation of performance of the duties of the assignor and its acceptance by the assignee constitutes a promise by the assignee to perform those duties. This promise is enforceable by either the assignor or the other party to the original contract." NRS 104.2210(4). So, any alleged breach of the duty to defend would be Singh's injury to vindicate, not Watson's. *See Torres v. Nev. Direct Ins. Co.*, 353 P.3d 1203, 1211 (Nev. 2015) (en banc) (interpreting NRS 485.3091 and holding "[t]hird-party claimants do not have a contractual relationship with insurers" and have no standing to sue someone else's insurer for breaching the contract with its insured). Thus, Watson lacks standing to bring his counterclaim, so Enterprise's motion to dismiss is granted.[12] Watson's counterclaim is dismissed without prejudice, but without leave to amend. Further, Watson's motion to abstain is denied as moot.[13]

**B. Enterprise's motion for summary judgment is granted.**

On March 26, 2026, Enterprise filed a motion for summary judgment seeking a "declaration that, under its rental agreement and Nevada law, its sole obligation" regarding Watson's liability claim is limited to $25,000 after a judgment against Singh is entered. *See* ECF No. 21. Singh did not respond to or oppose the motion, but Watson did. *See* ECF No. 23. Therein,

---

[11] Watson indirectly concedes there is no assignment of rights between him and Singh. *See* ECF No. 16 at 4 ("Enterprise clearly *anticipates* an assignment of rights in favor of Watson. By naming Watson as a defendant, Enterprise seeks to ensure that any declaration regarding coverage will later be invoked against Watson, whether he proceeds by assignment, as a judgment creditor, or otherwise.") (emphasis added).

[12] The court has questions regarding the ripeness of Enterprise's claim against Watson. Accordingly, a show cause order requiring Enterprise to explain why this action against Watson should be maintained is included at the end of this order.

[13] Because the counterclaim is dismissed, Watson's motion to compel (ECF No. 35) and his motion for summary judgment (ECF No. 40) are denied.

Watson asserts that Enterprise's motion should be denied because Enterprise voluntarily elected to self-insure, so it "assumed the regulatory obligations, the claims-handling responsibilities, and the legal status that accompany self-insurance in Nevada," and that Enterprise has the duty to defend Singh. *See id.* at 3. The court first addresses Singh, then turns to Watson.

### *1. Enterprise is entitled to summary judgment in part against Singh.*

Singh failed to oppose Enterprise's motion for summary judgment. District courts may grant an unopposed motion for summary judgment if the movant's papers sufficiently support the motion and do not present on their face a genuine issue of material fact. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). Thus, a party's failure to oppose a summary judgment motion does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As FRCP 56(e) explains, "[i]f a party fails . . . to properly address another party's assertion of fact[,] . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *see also Heinemann*, 731 F.3d at 917. But the nonmoving party's failure to respond does not absolve the moving party from its affirmative duty to demonstrate that it is entitled to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003).

Enterprise has met its burden showing it is entitled to an order that its sole financial obligation to Singh is capped at $25,000 if Singh is found liable in the negligence action brought by Watson against Singh in the EJDC. As an initial matter, there is no dispute there was a policy between Singh and Enterprise. *See* ECF No. 21-9. The record shows that the rental agreement between Singh and Enterprise states:

> **Except to the extent required by the motor vehicle financial responsibility laws of the applicable state**, province or otherwise by law, neither Owner or its affiliate extends any of its motor vehicle financial responsibility or provides insurance coverage to Renter, AAD(s), passengers or third parties through the Contract.

and

> [I]f Renter and AAD(s) are in compliance with the terms and conditions of the Contract and if Owner or its affiliate is obligated to extend its motor vehicle financial responsibility to Renter, AAD(s) or third parties, then Owner's or its affiliate's obligation is limited to the applicable **state minimum financial responsibility amounts**."

*See* ECF No. 21-9 at 31, ¶ 8 (emphases added).

NRS 482.295 requires that a rental car company, like Enterprise, provide insurance as defined in NRS 485.034. NRS 482.305(1) requires that "[t]he short-term lessor of a motor vehicle who permits the short-term lessee to operate the vehicle upon the highways . . . cover[] the short-term lessee against liability arising out of his or her negligence in the operation of the rented vehicle in limits of not less than $25,000 for any one person injured or killed." Even more, NRS 485.3091(1)(b)(1) states that an insurance policy cannot be less than $25,000. But if the short-term lessor fails to pay those limits, it becomes "jointly and severally liable with the short-term lessee for any damages caused by the negligence of the latter in operating the vehicle." NRS 482.305(1). Additionally, any "obligation to pay is conditioned solely upon the *legal liability* of the lessee to a third party for damages." *Hall v. Enter. Leasing Co.-W.*, 137 P.3d 1104, 1109 (Nev. 2006).

The evidence shows that the rental agreement provided liability insurance coverage as "required by the motor vehicle financial responsibility laws of the applicable state" and that such coverage was "limited to the applicable state minimum financial responsibility amounts." ECF No. 21-9 at 31, ¶ 8. Under Nevada law, the minimum financial responsibility is $25,000. NRS 482.305(1); 485.3091(1)(b)(1). Singh failed to provide evidence that would give rise to a genuine issue of material fact over this evidence, so Enterprise is entitled to a declaration that it has no obligation to pay any amount until Singh is found liable in Case No. A-24-902613-C and that it has no obligation to pay any amount in excess of $25,000.

The court declines, however, to grant Enterprise's motion requesting the court find there is a duty to defend. The rental agreement provides that "Renter shall defend, indemnify and hold Owner . . . harmless from all losses, liabilities, damages, injuries, claims, demands, costs, attorney fees, and other expenses incurred by Owner . . . in any manner from this rental transaction . . . ." ECF No. 21-6 at 31, § 9.

It is well established that "[t]he duty to defend is broader than the duty to indemnify." *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1158 (Nev. 2004); *see also Century Surety Company*, 432 P.3d at 180 (confirming that the duty to defend is broad and that it protects the insured from the action itself, rather than merely providing financial protection against judgments). Generally, an insurer's duty to defend is triggered whenever the *potential* for indemnification arises, and it *continues* until that potential ceases. *United National Ins. Co.*, 99 P.3d at 1158. Because the negligence action between Singh and Watson is still pending, the potential for Enterprise to indemnify Singh remains a live issue.

Further, the rental agreement's provision stating *Singh* would indemnify *Enterprise*, *see* ECF No. 21-9 at 31, §9, does not change that potential for indemnification. While Nevada law does permit parties to enter into contractual indemnity agreements, *see Reyburn Lawn & Landscape Designers, Inc. v. Plaster Development Co.*, 255 P.3d 268, 274 (Nev. 2011), Nevada requires "an express or explicit reference to the indemnitee's own negligence." *George L. Brown Ins. v. Star Ins. Co.*, 237

P.3d 92, 97 (Nev. 2010). There is no reference to negligence in the indemnity agreement between Singh and Enterprise. Therefore, the indemnification provision in the rental agreement is not enforceable under Nevada law and does not alter Enterprise's separate duty to indemnify Singh as Singh's insurer.

Accordingly, I grant in part Enterprise's summary judgment motion: Enterprise is only required to pay $25,000 to Singh if, and only after, judgment has been entered against Singh in Case No. A-24-902613-C. Enterprise's motion is denied in all other respects.

### *2. Watson's opposition to the summary judgment motion fails.*

Watson argues that summary judgment is precluded because there are unresolved questions of state law regarding Enterprise's obligations as a self-insurer, and because Enterprise breached its duty to defend Singh. Watson also asserts that in the alternative to summary judgment, the court should deny or defer summary judgment pursuant to Rule 56(d).[14] Watson's opposition to the summary judgment is unconvincing. First, much of his opposition is dedicated to arguing that Enterprise has breached its duty to defend Singh. *See* ECF No. 23 at 18–23. For the same reasons explained above, without an assignment of rights, Watson lacks standing to raise arguments on behalf of a third-party. *See supra* pages 8–9; *see also Pension Trust Fund for Op. Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944 (9th Cir. 2002) (explaining that where an insured has been named as a defendant in a third-party action and the insurer refuses to defend, the insured—not the third party—is the proper party to assert a breach of the duty to defend). Thus, Watson's arguments fail to demonstrate summary judgment is not warranted here. Further, as explained in the next section, the court has doubt regarding the ripeness of a claim between Enterprise and Watson, so I decline Watson's request for denial or deferral of the summary judgment motion under Federal Rule of Civil Procedure 56(d).

[14] Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

**C. Enterprise is ordered to show cause why the court should not dismiss the case against Watson.**

As explained above, a federal court may grant declaratory relief "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). In a diversity action, federal law determines whether the parties have presented a controversy ripe for judicial review under the DJA, but state substantive law regarding the parties' rights applies when it is relevant to the court's ripeness analysis. *See Hunt v. State Farm Mut. Auto. Ins. Co.*, 655 F. Supp. 284, 286 (D. Nev. 1987). In Nevada, declaratory relief between an insured and his insurer may be granted prior to a final tort judgment. *El Capitan Club v. Fireman's Fund Ins. Co.*, 506 P.2d 426, 429 (Nev. 1973). On the other hand, under Nevada law, declaratory relief between a third-party claimant and an insurer is proper only after the third party obtains a tort judgment against the tortfeasor. *Knittle v. Progressive Cas. Ins. Co.*, 908 P.2d 724, 726 (Nev. 1996).

Here, the alleged tortfeasor is Singh, and the action brought against him by Watson is still pending in state court. And there has been no assignment of rights from Singh to Watson. So it is unclear how there is an actual case or controversy between Enterprise and Watson. Accordingly, Enterprise has until September 30, 2026, to show, in writing, why this action against Watson should not be dismissed. If Watson elects to file a response to Enterprise's filing, he must do so within 14 days of it being docketed. No reply is necessary unless ordered by the court.

## IV. Conclusion

IT IS HEREBY ORDERED that Enterprise's motion to dismiss defendant Watson's counterclaim **[ECF No. 14] is GRANTED**. The counterclaim is dismissed without prejudice but without leave to amend.

IT IS FURTHER ORDERED that defendant Watson's motion to abstain **[ECF No. 17] is DENIED as moot**.

IT IS FURTHER ORDERED that Enterprise's motion for summary judgment against Singh **[ECF No. 21] is GRANTED in part** as set forth in this order. The Clerk of Court is kindly ordered to enter judgment in favor of Enterprise, and against Singh *only*, stating Enterprise is obligated to pay not more than $25,000 to Singh if judgment is entered against Singh in Case No. A-24-902613-C.

IT IS FURTHER ORDERED that Watson's motion to compel **[ECF No. 35]** and motion for summary judgment **[ECF No. 40] are denied.**

IT IS FURTHER ORDERED that Enterprise must show cause, in writing, why this action against Watson should not be dismissed by September 30, 2026. If Watson elects to file a response to Enterprise's filing, he must do so within 14 days of it being docketed. No reply is necessary unless ordered by the court.

Dated: September 16, 2026

Cristina D. Silva
United States District Judge